### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRANQUILITY HOSPICE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KATHLEEN SEBELIUS, Secretary, )<br>UNITED STATES DEPARTMENT OF )<br>HEALTH AND HUMAN SERVICES, )<br>)<br>Defendant. ) | Case No. 11-CV-324-TCK-TLW |

### OPINION AND ORDER

Before the Court is Defendant's Motion to Remand (Doc. 32), wherein Defendant Kathleen Sebelius, Secretary of the United States Department of Health and Human Services ("Secretary"), moves the Court to remand this case "to the Agency for a determination of the monetary issue as raised by Plaintiff." (Mot. to Remand 6.)

**I.      Background**

The following facts are alleged in the Complaint.  Plaintiff Tranquility Hospice, LLC participates as a provider of hospice services in Medicare program. The total reimbursement a hospice may be reimbursed by Medicare in a given accounting year is subject to a limit or cap. Amounts reimbursed in excess of the cap are overpayments, and they must be refunded to the Medicare program.  On February 2, 2011, the Secretary notified Plaintiff that its hospice cap for the period was $23,014.50. Pursuant to 42 C.F.R. § 418.309(b)(1), the Secretary calculated that Plaintiff had been overpaid in the amount of $1,190,451.00.  Plaintiff entered into a repayment program and is currently repaying the alleged overpayment.  After learning that several federal courts had invalidated 42 C.F.R. § 418.309(b)(1), the regulation used by the Secretary to calculate Plaintiff's amount owed, Plaintiff filed an appeal and request for expedited judicial review with the Provider

Reimbursement Review Board ("PRRB") to contest the overpayment demand and challenge the validity of 42 C.F.R. § 418.209(b)(1). On March 29, 2011, the PRRB granted Plaintiff's request for expedited judicial review, thereby exhausting Plaintiff's administrative remedies and permitting Plaintiff to file the instant federal lawsuit.

On May 25, 2011, Plaintiff filed an Original Complaint and Application for Injunctive and Declaratory Relief, requesting the Court to:

> A. Issue a declaratory judgment that 42 C.F.R. §418.309(b)(I) [sic] is unlawful and that it be set aside;
> B. Issue an order that Defendant is enjoined from enforcing against Plaintiff overpayment determinations calculated by use of 42 C.F .R. §418.309(b)(1);
> C. Issue an order that Defendant is enjoined from using 42 C.F.R. §418.309(b)(1) to calculate the maximum amount to be paid Plaintiff for hospice care, as contemplated by 42 U.S.C. 1395f(i)(2), for any past, present, or future accounting year;
> D. Issue an order that shall cause to be refunded to Plaintiff all monies paid by the hospice to the Medicare program pursuant to previously calculated repayment obligations using the unlawful regulation for the accounting years at issue;
> E. Costs of suit and recovery of a reasonable attorney's fee; and
> F. Such other and further relief, both at law and at equity, to which Plaintiff may show itself to be justly entitled.

(Compl. 17-18.)

On June 23, 2011, the Tenth Circuit issued its decision in *Hospice of New Mexico, LLC v. Sebelius*, 435 Fed. Appx. 749 (10th Cir. 2011). The case originally presented two appeals: (1) the Secretary's appeal of the district court's determination that 42 C.F.R. § 418.209(b)(1) was invalid; and (2) the hospice provider's cross-appeal of the district court's decision to remand the matter to the Secretary for recalculation of its payment obligations, rather than ordering the Secretary to return prior repayments the provider had made pursuant to unlawful demands. *See id.* at 750. The Secretary withdrew her appeal in the *Hospice of New Mexico* case after two other circuits held that

the regulation was invalid. *See id.* at 755 ("After testing the water, HHS has capitulated on the plain meaning of 42 U.S.C. § 1395f(i)(2).") With respect to the hospice provider's cross-appeal, the court affirmed the district court's decision to remand to the agency for recalculation, reasoning that such procedure did not deny the hospice provider due process or violate public policy. *See id.* at 753-55.

On August 29, 2011, the Secretary filed an Answer in this litigation, asserting two defenses and requesting that the Court enter judgment in its favor. On January 19, 2012, the parties filed a status report indicating that they were discussing settlement. The Court ordered the parties to file a stipulation of dismissal or a Joint Status Report in compliance with the local rules by March 1, 2012. On that date, the parties filed a Joint Status Report. In accordance with the proposed dates therein, the Court set a deadline of May 1, 2012 for the filing of Plaintiff's motion for summary judgment and a deadline of June 1, 2012 for the filing of the Secretary's cross-motion for summary judgment. On April 24, 2012, the Secretary filed the Motion to Remand currently pending before the Court, and Plaintiff filed its response on May 15, 2012. Neither party filed motions for summary judgment in compliance with the Court's scheduling order, and neither party moved for an extension of those deadlines pending the Court's ruling on the motion to remand. Thus, any motions for summary judgment filed in this case would be untimely.

**II.     Analysis**

The Secretary moved to remand this case in order to "reconsider the Medicare overpayment determination at issue and recalculate Plaintiff's aggregate hospice recap." (Def.'s Mot. to Remand 1.) The Secretary has represented to the Court that she "intends to use the methodology requested by Plaintiff, namely to recalculate the cap in a manner consistent with the proportional methodology set forth in the Medicare statute." (*Id.*) In essence, the Secretary is conceding the issues raised in

3

this appeal and urging the Court to remand the case for recalculation in accordance with what Plaintiff deems the proper calculation.

Plaintiff objects to this procedure because this Court (unlike other district courts who have remanded cases to the Secretary for recalculation) has not yet entered a judgment declaring the regulation invalid. Plaintiff argues that any remand in advance of the entry of judgment (1) denies Plaintiff of its due process rights to a final resolution of its claim – specifically, to have this Court "find[] the hospice regulation to be invalid" and "set[] aside the alleged overpayment;" (2) deprives Plaintiff of an opportunity to seek prevailing party attorney fees pursuant to 28 U.S.C. § 2412; and (3) leaves Plaintiff in a "worse position than before it filed suit" because the Secretary has yet to promulgate a new regulation and methodology, such that "nothing will prevent [the Secretary] from using an invalid regulation or an undetermined, ad hoc calculation method." (Pl.'s Resp. to Mot. to Remand 3-10.)

The Court agrees with Plaintiff that remand in advance of the entry of judgment is premature, deprives Plaintiff of a final resolution of its claim before this Court, and potentially deprives Plaintiff of the opportunity to seek prevailing party attorney fees. Further, the Secretary has not offered any statutory or other authority for remanding a properly filed federal case to an agency prior to the court's resolution of the issue presented on appeal, simply because the agency concedes the substantive issue presented and promises to acquiesce to the plaintiff's desired outcome upon remand. Therefore, this Court will not remand the matter prior to an entry of judgment. *Accord Hospice Ctr. of Se. Okla. Inc. v. Sebelius*, CIV-10-401-RAW (E.D. Okla.) (Doc. 32, entered July 12, 2011) (denying Secretary's motion to remand, preventing Secretary from collecting any further overpayments from the plaintiff, and ordering a status report as to how to proceed; *Carter Healthcare, Inc. v. Sebelius*, CIV-10-1081-C (W.D. Okla.) (Doc. 24, entered 3/25/12) (denying

4

Secretary's motion to remand, finding 42 C.F.R. § 418.209(b)(1) invalid, entering judgment in favor of plaintiff, and remanding for further consideration of plaintiff's challenge to the Secretary's determination of overpayment).[1]

In this case, there are no pending motions for summary judgment, and the time for filing such motions has expired. Nonetheless, based on the recent withdrawal of her appeal in the Tenth Circuit, it seems unlikely that the Secretary desires to litigate the validity of the regulation before the Court. Accordingly, the Court intends to *sua sponte* enter judgment in favor of Plaintiff, set aside the challenged 2009 hospice cap repayment demand made by the Secretary upon Plaintiff, and remand the matter to the Secretary for recalculation. This appears to be the procedure followed in the Western District of Oklahoma case cited above.[2]

Defendant's Motion to Remand (Doc. 32) is DENIED. Plaintiff is ordered to file a Proposed Form of Judgment consistent with the Court's intention expressed above no later than Monday, July 29, 2012. If the Secretary has any objections to the form of order or the Court's decision to proceed in this manner, other than those already addressed in this Opinion and Order, she shall file such objection no later than Wednesday, August 1, 2012.

SO ORDERED this 24th day of July, 2012.

**TERENCE KERN**
**United States District Judge**

---

[1] These Orders are attached as Exhibits A and B to Plaintiff's Response to Defendant's Motion to Remand.

[2] The Court does not intend to order the Secretary to refund monies previously paid by Plaintiff, as requested in Plaintiff's Complaint. *See Hospice of New Mexico*, 435 Fed. Appx. at 753-55 (affirming district court's decision to remand without ordering refund).

5